IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAY 1 2 2023

CLERK, U.S. DISTRICT COURT
By_____
        Deputy

CHILDREN'S HEALTH DEFENSE
*et al.*,

      Plaintiffs,

v.

WP COMPANY, LLC, *et al.*,

      Defendants.

2:23-CV-004-Z

## ORDER

Before the Court is Defendants The Associated Press ("AP"), Reuters News & Media Inc. ("Reuters"), and WP Company LLC's ("Post") (collectively, "Defendants") Motion to Transfer ("Motion") (ECF No. 56), filed on April 18, 2023. Having considered the Motion, briefing, and relevant law, the Court **GRANTS** the Motion.

### BACKGROUND

This is an antitrust action "to defend the freedom of speech and of the press." ECF No. 39 at 1. Plaintiffs filed this suit against "some of the world's largest news publishers" who have allegedly worked together "to exclude from the world's dominant Internet platforms rival news publishers" that challenge "certain issues relating to COVID-19 and U.S. politics." *Id.* at 1–2. Defendants moved to transfer the case to the Southern District of New York, or in the alternative, to the District of Columbia. ECF No. 57 at 6. The Amended Complaint asserts venue is proper because "Defendants transact substantial business in this District." ECF No. 39 at 20. But Plaintiffs did not respond to the Motion.

### LEGAL STANDARD

"The trial court is entitled to broad discretion in ruling on motions to transfer venue, and its decision will be upheld absent an abuse of discretion." *United States v. Asibor*, 109 F.3d 1023,

1037 (5th Cir. 1997) (internal marks omitted); *see also In re Planned Parenthood Fed'n of Am., Inc.*, 52 F.4th 625, 632 (5th Cir. 2022) (the standard for reversal "is high"). "When no special, restrictive venue statute applies, the general venue statute, 28 U.S.C. § 1391, controls a plaintiff's choice of venue." *In re Volkswagen of Am., Inc.* ("*Volkswagen II*"), 545 F.3d 304, 315 (5th Cir. 2008). "Congress, however, has tempered the effects of this general venue statute by enacting the venue transfer statute, 28 U.S.C. § 1404." *Id.* "Thus, while a plaintiff has the privilege of filing his claims in any judicial division appropriate under the general venue statute, § 1404(a) tempers the effects of the exercise of this privilege." *Id.*

District courts may dismiss or transfer a case when a case is filed in the *wrong* division. *See* 28 U.S.C. § 1406(a). But if venue is proper, Section 1404 controls. The preliminary question is whether "a civil action might have been brought" in the destination venue. 28 U.S.C. § 1404(a). Next, a party seeking a transfer must show "good cause" by "clearly demonstrat[ing] that a transfer is '[f]or the convenience of parties and witnesses, in the interest of justice.'" *Volkswagen II*, 545 F.3d at 315 (quoting Section 1404(a)). "When the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected." *Id.* "Assuming that jurisdiction exists and venue is proper, the fact that litigating would be more convenient for the defendant elsewhere is not enough to justify transfer." *Def. Distributed v. Bruck*, 30 F.4th 414, 433 (5th Cir. 2022); *see also In re Planned Parenthood*, 52 F.4th at 629 ("Of course, whenever a defendant is haled into court, some inconvenience is expected and acceptable.") (internal marks omitted). "In other words, the standard is not met by showing one forum is more likely than not to be more convenient, but instead the party must adduce evidence and arguments that clearly establish good cause for transfer based on convenience and justice." *Id.*

Courts are required to assess four private interest factors and four public interest factors pertinent to a transfer motion:

### 1. The relative ease of access to sources of proof

The first private interest factor to consider is the relative ease of access to sources of proof. *Volkswagen II*, 545 F.3d at 315. "Where important documents are in both venues, this factor does not weigh in favor of transfer." *Crestview Farms, L.L.C. v. Cambiaso*, 2021 WL 2434845, at *7 (N.D. Tex. June 15, 2021) (internal marks omitted). "The location of evidence bears much more strongly on the transfer analysis" when the evidence is "physical in nature." *In re Planned Parenthood*, 52 F.4th at 630 (internal marks omitted).

### 2. The availability of compulsory process to secure the attendance of witnesses

"A venue that has absolute subpoena power for both deposition and trial is favored over one that does not." *Word to Info, Inc. v. Facebook, Inc.*, 2015 WL 13870507, at *3 (N.D. Tex. July 23, 2015) (internal marks omitted). But the Court "gives more weight to specifically identified witnesses, and less weight to vague assertions that witnesses are likely to be found in a particular forum." *Id.* (internal marks omitted). And when no party has alleged or shown any witness's unwillingness to testify, "courts generally find that the compulsory process factor should be given little weight." *All. Transp. Logistics, LLC v. G&J Truck Sales, Inc.*, 2021 WL 5882820, at *3 (N.D. Tex. Dec. 13, 2021) (collecting cases); *see also In re Planned Parenthood*, 52 F.4th at 630–31.

### 3. The cost of attendance for willing witnesses

The third private-interest factor examines the cost of attendance for willing witnesses and is "probably the single most important factor in the transfer analysis." *Qualls v. Prewett Enter. Inc.*, 2022 WL 889034, at *6 (S.D. Tex. Mar. 25, 2022) (internal marks omitted). "In considering the convenience of witnesses, however, the relative convenience to key witnesses and key non-

party witnesses is accorded greater weight than the convenience to less important witnesses." *Id.* (internal marks omitted). "Courts do not afford significant weight to general allegations that a particular forum would be more convenient for unspecified witnesses." *McNew v. C.R. Bard, Inc.*, No. 1:19-CV-195, 2020 WL 759299, at *2 (N.D. Tex. 2020). "When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *In re Volkswagen AG*, 371 F.3d 201, 204–05 (5th Cir. 2004).

    4.  <u>Other practical problems that make trial of a case easy, expeditious and inexpensive</u>

The final private interest factor considers "all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen II*, 545 F.3d at 315.

    5.  <u>The administrative difficulties flowing from court congestion</u>

This factor concerns "whether there is an appreciable difference in docket congestion between the two forums." *InfoGation Corp. v. Google LLC*, 2021 WL 5547070, at *5 (W.D. Tex. Apr. 29, 2021) (quoting *Parsons v. Chesapeake & Ohio Ry. Co.*, 375 U.S. 71, 73, 84 (1963)). To the extent docket efficiency can be reliably estimated, the district court is in the best position to do so. *See In re Planned Parenthood*, 52 F.4th at 631.

    6.  <u>The local interest in having localized interests decided at home</u>

The local interest in having localized interests decided at home favors transfer if "the events giving rise to this action occurred in [the transferee district/division]." *Volkswagen II*, 545 F.3d at 315. "This factor is based on the premise that jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." *Roco v. Am. Airlines, Inc.*, 2022 WL 658566, at *4 (N.D. Tex. Mar. 4, 2022) (internal marks omitted).

7.  The familiarity of the forum with the law that will govern the case

"[I]n federal court, familiarity with the governing law is generally given little weight when considering transfer of venue." *Crestview Farms*, 2021 WL 2434845, at *9 (internal marks omitted). "[T]his factor more commonly applies where the destination venue is in a different State — in which case that State's familiarity with the applicable law would be especially probative to the transfer analysis." *In re Planned Parenthood*, 52 F.4th at 632 n.5.

8.  Avoidance of conflict of laws problems or application of foreign law

Finally, transfer is favored where it would avoid "unnecessary problems of conflict of laws [or in] the application of foreign law." *Volkswagen II*, 545 F.3d at 315 (internal marks omitted).

\* \* \*

In weighing these eight factors, no one consideration "can be said to be of dispositive weight." *In re Planned Parenthood*, 52 F.4th at 630 (internal marks omitted). And the Fifth Circuit has "never framed the transfer analysis as focusing exclusively on either the destination *district* or destination *division.*" *Id.* at 631 n.4 (emphasis in original).

ANALYSIS

**A. This Action Could Have Been Brought in the Southern District of New York**

In an antitrust action, venue is proper where Defendants are "inhabitants" or where they "transact[] business." 15 U.S.C. § 22. The AP and Reuters are principally operated out of New York City and a substantial portion of the Posts' business functions are performed there. ECF No. 57 at 13. Additionally, Defendant British Broadcasting Company ("BBC") "will not contest jurisdiction in New York for purposes of this case if the action is transferred there." *Id.* Therefore, the case could have been brought in the Southern District of New York.

**B. The Private and Public Interest Factors Support Transfer**

The Court first notes that no Plaintiff lives within Texas and that none of the operative facts occurred within this District. For that reason, the first private interest factor supports transfer because no evidence is in Texas and the relevant documents are in Defendants' respective headquarters in New York, the District of Columbia, and London. ECF No. 57 at 15. Additionally, "most Plaintiffs are located in or are much closer to the districts to which Defendants seek transfer." *Id.* at 16. The second private interest factor supports transfer because "all relevant nonparty witnesses are more than 100 miles from the Court, and many are within 100 miles of the Southern District of New York." *Id.* The third private interest factor supports transfer for the same reasons. And the fourth private interest factor supports transfer to the extent this Court lacks personal jurisdiction over BBC. *See* ECF Nos. 51, 52 (BBC's motion to dismiss and brief in support). Because Defendants concede that the first, third, and fourth public interest factors are neutral, the Court will not address them. ECF No. 57 at 26–28. But the second public factor favors transfer because Amarillo has little interest in the resolution of this case — at least compared to New York. Therefore, five out of the eight factors support transfer, including the cost of attendance of willing witnesses — the "most important factor in the transfer analysis." *Qualls*, 2022 WL 889034, at *6. Accordingly, transfer is warranted under Section 1404(a).

CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Motion and **TRANSFERS** this case to the Southern District of New York. *See Fogarty v. USA Truck, Inc.*, 242 Fed. Appx. 152, 154 (5th Cir. 2007) (a district court may transfer a case even when it lacks personal jurisdiction over the defendants.)

6

**SO ORDERED**.

May 12, 2023

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE